UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

RENA A. PITTENGER, )
)
      Plaintiff, )
)
)
v. ) 4:05-CV-75
) (JARVIS/SHIRLEY)
)
JO ANNE B. BARNHART, )
Commissioner )
of Social Security, )
)
      Defendant. )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for judgment on the pleadings [Doc. 10] and the defendant's motion for summary judgment. [Doc. 16]. Plaintiff Rena A. Pittenger seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

    1. The claimant meets the disability insured status requirements of the Act through at least the date of this decision.

    2. The claimant has not engaged in substantial gainful activity since October 15, 2001.

    3. The claimant has "severe" residuals of cervical diskectomy; lumbar disk disease; carpal tunnel

syndrome; major depressive disorder, recurrent, moderate; and generalized anxiety disorder, but does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's subjective complaints do not credibly support an impairment of disabling severity.

5. The claimant has the residual functional capacity to perform a modified range of light work activity in which she only "occasionally" climbs, balances, stoops, kneels, crouches, or crawls, with such work performed in a work environment that does not involve high stress tasks or high production quotas.

6. The claimant is unable to perform any past relevant work.

7. The claimant is 35 years old, which is defined as younger age.

8. The claimant has a high school equivalency education.

9. The claimant has no transferable work skills.

10. Based on an exertional capacity for light work and the claimant's age, education, and work experience, 20 C.F.R. §§ 404.1569 and 416.969 and Rule 202.21, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

11. Although the claimant's additional nonexertional limitations do not allow the claimant to perform the full range of light work, using the above-cited rule as a framework for decisionmaking, there are a significant number of jobs in the national and regional economies which the claimant could perform. Some examples are: 1,400 office helper positions, 1,000 general office

2

> clerk positions, and 1,200 inspector positions, all
> existing with the regional economy (defined as the
> area encompassing Huntsville, Alabama; Nashville,
> Tennessee; and Chattanooga, Tennessee), with
> multiples expanding into the national economy.
>
> 12. The claimant has not been under a "disability,"
> as defined in the Social Security Act, at any time
> through the date of this decision.

(Tr. 15).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff sole argument on appeal is whether the ALJ erred in his credibility determination. She contends that the ALJ "completely ignored the significant findings of degenerative disc disease, radicular symptoms, and severe stenosis found by Drs. Emadian and Schwartz" and instead, "found that the X-rays and MRI of the Plaintiff showed 'only' degenerate changes [and] noted that these changes were treated with 'only' conservative measures." Further, plaintiff asserts that the ALJ did not consider that Dr. Emadian, her treating neurosurgeon, found that she had intractable lumbago caused by this degenerative disc disease and had tried injections to relieve her pain, although unsuccessfully. Plaintiff also asserts that the ALJ "completely ignored the CT Scan ordered by Dr. Schwartz that showed moderate to severe central canal stenosis at L4-5, indicating a rather severe and painful process in the

3

Plaintiff's lower back," noting that the ALJ did not fully recognize her pain, her need to stand and sit for only short periods of time, and to lie down for a period of time every day. She maintains that both Dr. Emadian and Dr. Schwartz indicated that her lower back problem was progressive and that conservative treatment, such as injections, had not resolved her pain.

The Commissioner contends that the ALJ considered the objective medical evidence, as well as plaintiff's subjective complaints, in making his credibility determination. Although plaintiff contends that the ALJ ignored the findings of Dr. Emadian regarding her lower back pain, the Commissioner insists that the ALJ expressly acknowledged Dr. Emadian's treatment of plaintiff, recording in the credibility portion of his decision that plaintiff "presented to Dr. Emadian for treatment of lower back pain" (Tr. 13) and "[a]t the referral of Dr. Emadian, plaintiff underwent MRI testing in July and August 2003, which confirmed she had degenerative disc disease at the L4-5 level with a central bulge but that the bulge did not compromise the nerve." (Tr. 249, 383, 388). Next, the Commissioner notes that although the ALJ did not explicitly state Dr. Schwartz's CT results from February 2005, the plaintiff has not explained how this evidence would support any further limitations than those found by the ALJ. The Commissioner insists that the ALJ considered Dr. Schwartz's treatment of plaintiff because the ALJ discussed treatment of plaintiff's carpal tunnel, which Dr. Schwartz provided. (Tr. 14). Moreover, the Commissioner points out that the CT results showed only mild loss of intervertebral disc height at L5-S1, most consistent with mild degenerative disc disease, mild central canal stenosis at the L3 level, and moderate-to-severe central canal stenosis (narrowing

4

of the canal) at L4-5 (Tr. 433, 439) and that although Dr. Schwartz administered injections, he apparently did not recommend further treatment for plaintiff's lower back. (Tr. 502).

The Commissioner maintains that the plaintiff's treatment history supports the ALJ's finding that plaintiff's statements of disabling pain and other symptoms were not fully credible. The Commissioner points out that following MRI testing in 2003, Dr. Emadian recommended "conservative" treatment, including medication and steroid injections, which the ALJ noted in his decision. (Tr. 13-14, 383). She notes that although plaintiff faults the ALJ for not recording her report that the injections did not help relieve her pain, the Commissioner points out that she did not undergo any more aggressive treatment when she indicated that the injections did not help. In December 2003, plaintiff told Dr. Emadian that she wanted to continue her treatment regime of medication and massage therapy instead of continue the injections and that in February 2004, Dr. Emadian did not recommend surgery, but rather, recommended that plaintiff undergo a repeat MRI and evaluation and that she consider surgery only if her condition became intractable, which indicated that Dr. Emadian believed further testing was necessary before considering a diskectomy. (Tr. 381).

Further, the Commissioner contends that Dr. Emandian's notations of "intractable lumbago" in his December 2003 and February 2004 notes (Tr. 376, 381) and his notes "that prolonged bending and stooping exacerbated her symptoms" and that "reclining and lying flat offered her some relief," are reports of plaintiff's own statements and past treatment. (Tr. 376, 381).

5

Lastly, the Commissioner asserts that the state agency physicians recommended plaintiff could perform medium[1] work (Tr. 253, 277-84) and that the objective medical evidence and plaintiff's treatment history do not support that plaintiff required physical limitations beyond light[2] work involving only occasional climbing, balancing, stooping, kneeling, crouching, or crawling.

Plaintiff has the burden of proving her entitlement to benefits, Boyes v. Secretary of Health and Human Services, 46 F.3d 510, 512 (6th Cir. 1994), and based upon the foregoing, I find that she has failed to meet that burden. The ALJ found that she retained the RFC "to perform a modified range of light work activity in which she only occasionally climbs, balances, stoops, kneels, crouches, or crawls, with such work performed in a work environment that does not involve high stress tasks or high production quotas." (Tr. 15, Finding Number 5).

Although the ALJ determined that plaintiff 's lumbar disk disease was a "severe" impairment, he did not find that it was disabling, despite plaintiff's subjective complaints. (Tr. 12) 20 C.F.R. §§ 404.1529(a), 416.929(a) (plaintiff's statements regarding her symptoms will not alone establish that she is disabled). The ALJ considers not only the medical evidence but also plaintiff's daily activities and prescribed treatment to determine whether the alleged symptoms are truly disabling. 20 C.F.R. §§ 404.1529(a)(c), 416.929(a)(c).

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

[2] Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. See 20 C.F.R. §§ 404.1567(b), 416.967(b).

6

The ALJ stated the following regarding Dr. Emadian and plaintiff's credibility:

> None of the claimant's treating physicians have offered an opinion as to the claimant's limitations, leaving the undersigned to look to their underlying treatment notes to assess the claimant's subjective complaints. The claimant's treating neurosurgeon, Dr. Seyed Emadian, reported the claimant was "satisfied" with the results of her cervical fusion. She has presented to Dr. Emadian for treatment of lower back pain, with X-rays and/or MRI scans indicating degenerative changes only. However, her treatment has been intermittent and has consisted of only conservative measures (e.g., medication) coupled with epidural steroid injections, which is not consistent with pain of a disabling level of severity."

(Tr. 13-14). Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997) (ALJ's findings based on the credibility of the claimant to be accorded great weight and deference); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987) (determinations of credibility related to subjective complaints rest with the ALJ because he had the opportunity to observe the demeanor of the plaintiff). Thus, contrary to plaintiff's assertions, the ALJ **did** consider Dr. Emadian's opinion.

I note that much of the medical record concerns treatment by plaintiff's primary care physician Dr. Morrison, who even failed to complete a medical assessment of plaintiff's work abilities. (Tr. 286-88). Plaintiff indicated to Dr. Emadian that she was "satisfied" with the results of her cervical fusion and that "[r]egarding her lumbago, [he] recommend[ed] conservative measures for remedy: options include PT, chiropractic manipulations, biofeedback,

7

epidural injections, chronic pain management, etc." (Tr. 383). Further, he noted that "[r]egarding her chronic lumbago, the patient does not wish anything done at this time." (Tr. 382). Cline v. Commissioner of Social Security, 96 F.3d 146, 148-49 (1996) (individual's failure to seek regular treatment may be considered in assessing plaintiff's subjective complaints); Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir. 1990). Moreover, the physical RFC assessments by two state agency, reviewing physicians indicate that plaintiff could perform even medium work. Moon v. Sullivan, 923 F.2d 1175, 1179-83 (6th Cir. 1990) (court can rely on the opinions of a state agency physician to reject a treating physician's opinion). Therefore, the record clearly supports the ALJ's finding that plaintiff's back problem was not disabling as it was treated conservatively. 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v).

With respect to Dr. Schwartz, the ALJ did apparently consider his treatment of plaintiff, for Dr. Schwartz treated plaintiff's complaints of carpal tunnel, which the ALJ noted. (Tr. 14). Further, the CT results indicated only mild to moderate limitations, not a disabling back problem. (Tr. 433). Therefore, this issue is without merit.

In light of the foregoing, it is hereby **RECOMMENDED**[3] that the plaintiff's motion for judgment on the pleadings [Doc. 10] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 16] be **GRANTED**.

        Respectfully submitted,

          s/C. Clifford Shirley, Jr.
        United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).